# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-2992-G-BH |
| | ) | |
| NFN LARA, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

The plaintiff initially filed this action against the defendant on October 30, 2017, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) On that date, a consent form and a form with instructions for non-prisoner pro se plaintiffs were mailed to the address she provided. (*See* docs. 1, 2.) The instructions specifically provided that she must notify the Court if her address changed, and that her case could be dismissed if she did not. (*See id.*) She was granted leave to proceed IFP by order dated November 1, 2017, and the order also specifically stated that she must advise the Court of any address change, and that a failure to do so could result in dismissal of the case. (*See* doc. 5.)

Also on November 1, 2107, the plaintiff was sent a magistrate judge's questionnaire to obtain more information about her claims. (*See* doc. 6.) The questionnaire specifically advised her that her answers were due within fourteen days, and that a failure to timely provide her

answers could result in the dismissal of her case. (*Id.*) On November 2, 2017, the plaintiff filed additional attachments to her complaint, and she filed a notice of appeal on November 6, 2017, which objected to the automatic referral of the case to a magistrate judge for case management. (*See* docs. 7, 8.) More than fourteen days from the date of the questionnaire have passed, but the plaintiff has not filed her answers or anything else in the case.

On November 16, 2017, the consent form and pro se instructions that had been mailed to the plaintiff on October 30, 2017, were returned as undeliverable. (*See* doc. 9.)

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that she submit her answers to the questionnaire within fourteen days despite a warning that failure to do so could result in dismissal of the case. She also failed to file a notice of change of address despite a warning that failure to do so could result in dismissal of the case, and mailings from the Court have been returned as undeliverable as a result. Because the plaintiff failed to file a notice of change of address or follow a court order or otherwise show that she intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits her answers to questionnaire and a notice of change of address within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 27th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE